UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SACRAMENTO, ET AL., | No. 2:23-cv-02666-KJM-CKD (PS) |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS |
| V. | |
| JACQUELINE COLEMAN, ET AL., | |
| Defendants. | |

On November 14, 2023, defendant Jacqueline Coleman, proceeding pro se, file a notice of removal of this state child custody matter from the Superior Court for the County of Sacramento, along with a request to proceed in forma pauperis ("IFP").[1] (ECF Nos. 1, 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). As discussed herein, the undersigned finds that the court lacks subject matter jurisdiction over this action. Accordingly, the undersigned recommends that the action be remanded and that defendant's application to proceed in forma pauperis in this court be denied as moot. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (noting the federal court's independent duty to ensure it has subject matter jurisdiction in the case).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).  Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441.  The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper," and that the court resolves all ambiguity in favor of remand to state court.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (per curiam) (cleaned up). " 'The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the

1  original jurisdiction of the district court.' " Ansley v. Ameriquest Mortgage Co., 340 F.3d 858,
2  861 (9th Cir. 2003).
3  **Analysis**
4  Defendant's notice of removal is purportedly predicated upon the court's federal question
5  jurisdiction. (ECF No. 1.) However, a review of the complaint shows that underlying state action
6  does not allege any federal claims; instead, the underlying state action concerns child custody
7  issues. (Id. at 6-22, petition for temporary guardianship and order.) This court lacks jurisdiction
8  over child custody claims because they are exclusively matters of state law. See Ankenbrandt v.
9  Richards, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal
10 subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child
11 custody decrees."). "Even when a federal question is presented, federal courts decline to hear
12 disputes which would deeply involve them in adjudicating domestic matters." Thompson v.
13 Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986). Because amendment would be futile, leave to
14 amend would not be appropriate. See Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir.
15 1995) (where it is clear that a pro se complaint cannot be cured by amendment, the court may
16 dismiss without leave to amend).
17 Last, plaintiff's notice of removal is improperly captioned. As the County of Sacramento
18 was not a party to the underlying state action, it is not properly a party to this case.
19 **RECOMMENDATIONS**
20 Accordingly, IT IS HEREBY RECOMMENDED that:
21 1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED AS MOOT;
22 2. The action be remanded for lack of subject matter jurisdiction;
23 3. The Clerk of Court be directed to remove the County of Sacramento from this action
24    and recaption this action "Cynthia Cohen v. Jaqueline Coleman, et al."; and,
25 4. The Clerk of Court be directed to CLOSE this case.
26 These findings and recommendations are submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)
28 days after being served with these findings and recommendations, plaintiff may file written

objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 1, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, Sac.v.Cole.2666